UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | | |
|---|---|---|
| ANN B. OLDFATHER,<br><br>Plaintiff,<br><br>v.<br><br>THE KROGER CO.,<br><br>Defendant. | ) | Civil Action No. 3:26-CV-64-CHB<br><br>**MEMORANDUM OPINION AND ORDER** |

*** *** *** ***

This matter is before the Court on the Report and Recommendation ("Recommendation") issued by United States Magistrate Judge Colin H. Lindsay, [R. 10], which addresses Plaintiff Ann B. Oldfather's Motion to Remand, [R. 5]. Defendant The Kroger Co. ("Kroger") responded in opposition, [R. 6], and Plaintiff replied, [R. 7]. On July 17, 2026, Judge Lindsay issued his Recommendation, recommending that the Court grant Plaintiff's motion and that the matter be remanded to Jefferson Circuit Court. [R. 10, p. 1]. On July 31, 2026, Defendant filed Objections to Magistrate Judge's Recommendation for Remand, [R. 11], and Plaintiff responded, [R. 12]. For the following reasons, the Court will adopt Magistrate Judge Lindsay's Recommendation as the opinion of this Court and overrule Defendant's objections.

## I. BACKGROUND

This is a personal injury case. Plaintiff Oldfather filed suit on December 21, 2025, against Defendant Kroger for injuries sustained when Plaintiff was shopping at a Kroger-owned and operated Jay C grocery store located in Corydon, Indiana. [R. 1-2, p. 3, ¶¶ 10–12]. Plaintiff alleges that on December 21, 2024, as she stood examining nut packages in the produce aisle, "an

employee of Jay C forcefully slammed an overstocked and overloaded stocking cart into Plaintiff's left side." *Id.* at 3, ¶ 12.

Defendant removed the matter to this Court under 28 U.S.C. § 1332(a)(1) and 1441(b). [R. 1]. Plaintiff subsequently filed a motion to remand the matter back to the Jefferson Circuit Court for lack of subject-matter jurisdiction, asserting that Defendant failed to establish both requirements of federal diversity jurisdiction—complete diversity between opposing parties and an amount in controversy exceeding $75,000. [R. 5]. Plaintiff contended that Defendant's statements detailing organizational structure and corporate ownership were insufficient to establish citizenship of each Kroger entity, *id.* at 3–4, and that Defendant's bare, unsupported assertions of damages did not satisfy the amount in controversy requirement. *Id.* at 2–3.

Defendant responded, maintaining that this Court does have subject matter jurisdiction over this case. [R. 6]. Defendant affirmed that there is complete diversity between Plaintiff, a citizen of the Commonwealth of Kentucky, and Defendant, a citizen of Ohio. *Id.* at 3–5. Defendant also stated that while the allegations of injury and impairment in Plaintiff's complaint are sufficient to satisfy the amount in controversy requirement, *see id.* at 8, Plaintiff's forthcoming response to a recent settlement offer by Defendant would further prove that the amount in controversy exceeds $75,000. *Id.* Without attachment of the offer itself, Defendant claimed that it made a settlement offer of $75,000 on March 11, 2026—the day before it filed its response—and that Plaintiff's response was due by March 18, 2026. *Id.* Defendant represented that prior to the deadlines for both Plaintiff's reply brief and the Court's ruling on Plaintiff's Motion to Remand, "Oldfather will have confirmed whether or not the amount in controversy exceeds $75,000." *Id.*

Defendant placed nothing further before the Court until its objection on July 31, 2026. In the meantime, Plaintiff filed her reply brief on March 26, 2026, [R. 7], and Magistrate Judge

Lindsay issued his Recommendation on July 17, 2026. [R. 10]. In his Recommendation, Magistrate Judge Lindsay concluded that there was not yet enough information to find that the amount in controversy requirement had been met and recommended that the Court grant Plaintiff's Motion to Remand and remand the case to Jefferson Circuit Court. [R. 10, p. 8]. Upon entry of the Recommendation into the record, Defendant filed a timely objection. [R. 11]. Defendant objected to Magistrate Judge Lindsay's conclusion on the amount in controversy requirement, largely repeating its arguments from its earlier Response. *Id.* at 3–4. In its objection, Defendant for the first time disclosed information related to Plaintiff's response to Defendant's March 11, 2026 settlement offer, *id.* at 4–5. *See* [R. 6, p. 8]. Plaintiff subsequently responded to Defendant's objection. [R. 12].

## II. LEGAL STANDARD

Under 28 U.S.C. § 636(b)(1)(A), a district court judge may designate a magistrate judge to submit proposed findings of fact and recommendations for the disposition of certain motions. Within fourteen days of being served a copy of that report and recommendation, any party may file written objections to the magistrate judge's proposed findings and recommendation. § 636(b)(1)(C). When no objections are made, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 151 (1985). For properly made objections to dispositive matters, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; *see also Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection, which preserves the issue for appeal, "explains and cites specific portions of the report which counsel deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 1997) (citation modified) (internal quotation marks omitted) (quoting *Smith v.*

*Chater*, 121 F.3d 709 (Table), 1997 WL 415309, at *2 (6th Cir. 1997)). A general objection that fails to identify specific factual or legal issues from the recommendation is not permitted; general objections duplicate the magistrate's efforts and waste judicial economy. *Howard v. Sec. of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

"[A]n objection to a[] [Report and Recommendation] is not meant to be simply a vehicle to rehash arguments set forth in the petition, and the Court is under no obligation to review de novo objections that are merely an attempt to have the district court reexamine the same arguments set forth in the petition and briefs." *Dundee v. Univ. Hosps. Corp*, No. 1:19-CV-01141, 2020 WL 511520, at *1 (N.D. Ohio Jan. 31, 2020) (citing *Howard*, 932 F.2d at 509); *see also Roberts v. Warden, Toledo Corr. Inst.*, No. 1:08-CV-00113, 2010 WL 2794246, at *7 (S.D. Ohio July 14, 2010) ("The Court is under no obligation to review de novo objections that are merely perfunctory or an attempt to have the Court reexamine the same arguments set forth in the original petition."); *McClain v. Hanna*, No. 2:19-CV-10700, 2019 WL 7288768, at *2 (E.D. Mich. Dec. 30, 2019) ("[O]bjections to a report and recommendation should not be used as a vehicle to rehash arguments previously made by the objecting party.").

## III. ANALYSIS

At issue in Magistrate Judge Lindsay's Recommendation is whether this Court has subject matter jurisdiction over this case. A defendant may remove a case to federal court if the federal court would have had original jurisdiction over the case. 28 U.S.C. § 1441(a). In cases where only state-law causes of action are alleged, federal courts have original jurisdiction if the opposing parties are citizens of different states and the amount in controversy exceeds $75,000. *Id.* § 1332(a)(1). The party asserting federal jurisdiction has the burden to establish by a preponderance of the evidence that these requirements are satisfied. *Hertz Corp. v. Friend*, 559

U.S. 77, 96 (2010). In his Recommendation, Magistrate Judge Lindsay concluded that although the opposing parties are citizens of different states, there is insufficient information to support a conclusion that the amount in controversy requirement has been met. [R. 10, p. 2]. Magistrate Judge Lindsay accordingly recommended that the Court grant Plaintiff's Motion to Remand and that the matter be remanded to Jefferson Circuit Court. [R. 10, p. 1]. Neither Plaintiff nor Defendant objects to Magistrate Judge Lindsay's conclusion that complete diversity of citizenship is satisfied. [R. 11, p. 3]. Thus, the Court is not required to review that aspect of Magistrate Judge Lindsay's Recommendation.[1] *See Thomas*, 474 U.S. at 151. However, Defendant does object to Magistrate Judge Linsday's conclusion that there is insufficient evidence to determine whether the amount in controversy is satisfied. [R. 11]. Based upon a thorough review of the record, the Court agrees with Magistrate Judge Lindsay's analysis, findings, and conclusion on the amount in controversy issue and overrules Defendant's objection on that point.

### A. Nature of Objection

As a preliminary matter, Defendant largely uses as grounds for its objection the same arguments it made in its Notice of Removal and response to Plaintiff's Motion to Remand. The objection, the original response, and the Notice of Removal all contend that Plaintiff's allegations of severe injuries and permanent impairment in the complaint are sufficient to establish that the amount in controversy exceeds $75,000. *Compare* [R. 11, pp. 3–4 (Defendant's Objection)], *with* [R. 6, p. 8 (Response to Plaintiff's Motion for Remand)]; [R. 1., pp. 4–5 (Notice of Removal)]. Magistrate Judge Lindsay considered and rejected this argument. [R. 10, p. 7 ("'Severe and painful physical injuries' and 'permanent impairment[]' are terms that encompass a wide variety of injuries . . . . Without any detail as to the extent of Plaintiff's injuries, or her impairment, the

[1] Regardless, the Court has reviewed that portion of the Recommendation and finds the analysis to be correct.

undersigned cannot . . . determine whether the amount in controversy has been met at this time.")]. Similarly, Magistrate Judge Lindsay considered and rejected Defendant's argument about the addition of unquantifiable emotional distress and punitive damages, [R. 10, pp. 7–8], but Defendant still chose to re-raise this argument in its objection.

Ultimately, Defendant's objection does not attempt to explain how Magistrate Judge Lindsay erred in his understanding or application of the facts or the law. Magistrate Judge Lindsay emphasized multiple times that because the record contains no information about the extent of Plaintiff's injuries, the Court cannot value the claim. [R. 10, pp. 7–8]. Defendant does not address this reasoning or supply the missing information. Instead, Defendant objects to the Recommendation's conclusion on the amount in controversy based on the same arguments that Judge Lindsay considered and addressed in reaching that conclusion. The Court need not review these rehashed arguments that Judge Lindsay has already thoughtfully and accurately addressed. *See Dundee*, 2020 WL 511520, at *1 (citing *Howard*, 932 F.2d at 509); *Roberts*, 2010 WL 2794246, at *7; *McClain*, 2019 WL 7288768, at *2. Objections that seek to take a "second bite at the apple"—like most of Defendant's arguments in this case—"undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. S 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 WL 1304470, at *3 (W.D. Mich. Mar. 28, 2013).

Regardless, the Court has reviewed the record and the Magistrate Judge's ruling and finds the reasoning to be sound. The Court's analysis is not altered by Defendant's argument that the amount in controversy must be greater than $75,000 because Plaintiff has not expressly stated that she is seeking less than $75,000. It is Defendant's burden, as the party asserting diversity jurisdiction, to establish by a preponderance of the evidence that the amount in controversy is

greater than $75,000. *See Hertz. Corp.*, 559 U.S. at 96. Although Plaintiff has not directly asserted that her claims do not exceed $75,000, this alone does not support a finding that Defendant has met its burden. *See, e.g.*, *Smithson v. Lowe's Home Centers, LLC*, No. 3:24-cv-739-RGJ, 2025 WL 1143269, at *3 (W.D. Ky. April 17, 2025) (holding that the plaintiff's refusal to admit whether he sought more than the jurisdictional threshold alone was insufficient to justify removal). Therefore, Defendant must point to more than just Plaintiff's silence on the amount in controversy to prove by a preponderance of the evidence that the jurisdictional minimum is met. *See id.*

**B. Settlement Offer Argument**

The other part of Defendant's objection focuses on its settlement offer to Plaintiff. Defendant first referred to this offer in its March 12, 2026 response to Plaintiff's Motion to Remand:

> Notably, Kroger made a settlement offer to Oldfather on March 11, 2026 in an amount that exceeds the jurisdictional threshold of $75,000. Oldfather's response to the settlement offer is due on or before March 18, 2026. Accordingly, prior to the deadline for Plaintiff's Reply brief and before the Court's ruling on Plaintiff's Motion to Remand, Oldfather will have confirmed whether or not the amount in controversy exceeds $75,000.

[R. 6, p. 8]. Between March 18, 2026, when Defendant alleged Plaintiff's response to the settlement offer was due, *id.*, and July 17, 2026, when Judge Lindsay filed his Recommendation, [R. 10], Defendant filed nothing further in the record. That is, Defendant placed nothing before Judge Lindsay regarding Plaintiff's response to the settlement offer, and, as a result, Judge Lindsay's Recommendation does not discuss it. *See id.* Yet, Defendant outlines the substance of Plaintiff's response to its settlement offer in its objection, stating that Plaintiff did not reject the offer and instead made additional requests as part of her settlement. [R. 11, p. 4]. Defendant further claims that after the parties agreed on the additional requests, Plaintiff's counsel indicated a potential willingness to make a "slightly higher" counteroffer. *Id.* at 4–5. Defendant argues that

this response to its settlement offer means that "there is no question that Oldfather is seeking damages in excess of $75,000." *Id.* at 5.

The Court will overrule Defendant's objection on this ground. Defendant did not provide the settlement response material to Magistrate Judge Lindsay and is not permitted to offer it now. Moreover, even if the Court did consider Plaintiff's settlement response in its determination of whether the amount in controversy requirement is satisfied, there would still be insufficient evidence to conclude that Plaintiff's claim exceeds $75,000.

**1. Defendant did not provide the settlement response material to the Magistrate Judge and is not permitted to offer it now.**

Raising new arguments or issues for the first time in objections to a magistrate judge's report and recommendation is disfavored by the Sixth Circuit. *See Murr v. United States*, 200 F. 3d 895, 902 n.1 (6th Cir. 2000) ("Courts have held that while the Magistrate Judge Act, 28 U.S.C. § 631 *et seq.*, permits *de novo* review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate [judge]."). Although a district judge has discretion to "receive further evidence" that was not initially raised before the magistrate, courts in the Sixth Circuit, applying *Murr*, generally decline to do so. *See, e.g.*, *United States v. Droganes*, 893 F. Supp. 2d 855, 874 (E.D. Ky. 2012) ("Parties are not permitted to raise new arguments or issues to the district court that were not presented to the magistrate."). Parties can, however, refine a legal argument that has already been "fairly presented" to the magistrate, *see Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019), or raise an issue for the first time on objection that comes from "the primary rule discussed in the parties' briefing and the Report and Recommendation." *See Hoskins v. Dutcher*, No. 6:23-CV-167-CHB, 2026 WL 660582, at *10 (E.D. Ky. Mar. 9, 2026). Here, Defendants present the settlement offer response for the first time

in their objections, and they have failed to cite any reason that the Court should exercise its discretion to receive this additional evidence. Moreover, for the reasons stated herein, the Court declines to consider this new evidence and argument.

In *Bisig*, the Sixth Circuit held that *Murr* did not bar the district judge from considering a case—*Howe*—brought up for the first time in the plaintiff's objections to the magistrate judge's Report and Recommendation. *Bisig*, 940 F.3d at 218–19. The Sixth Circuit reasoned that although *Howe* had not been mentioned by name, both parties had already "fairly presented" the key rule from *Howe* in their earlier briefings to the Magistrate Judge. *Id.* Because the rule from *Howe* had already been "fairly presented," the Sixth Circuit concluded that the plaintiff's mention of *Howe* for the first time in its objection was *not* the introduction of a new issue or argument. *Id.*

Similarly, this Court considered an issue raised for the first time on objection when that issue arose out of "the primary rule discussed in the parties' briefing and the Report and Recommendation." *Hoskins*, 2026 WL 660582, at *10. In *Hoskins*, the plaintiff made a relation-back argument for the first time in her objections to the magistrate judge's Report and Recommendation. *Id.* Because the crux of that argument is "clearly outlined in Rule 15" of the Federal Rules of Civil Procedure—a rule discussed at length by both parties and within the report and recommendation—this Court did not apply *Murr*'s counsel against considering new arguments and issues to that situation. *Id.*

Here, Defendant introduces new facts and issues in its objection. Defendant raises for the first time in its objection Plaintiff's response to its settlement offer and argues that Plaintiff's response to the offer proves that Plaintiff is seeking damages in excess of $75,000. [R. 11]. Although Defendant did mention its settlement offer briefly in its response to Plaintiff's Motion,

[R. 6, p. 8], its decision to withhold Plaintiff's response to that offer for over four months—deploying that new information only after it received an unfavorable ruling—is inappropriate.

Unlike in *Bisig*, where the plaintiff "fairly presented" the substance of its argument before the magistrate and sought merely to refine that argument in its objections, Defendant did not present the substance of its argument until after Magistrate Judge Lindsay's ruling. *See Bisig*, 940 F.3d at 218–19. Defendant's entire settlement-offer argument hinges upon Plaintiff's response to that offer, and yet Defendant failed to present that crucial information to Magistrate Judge Lindsay. This does not reflect the kind of "fairly presented" argument discussed by the Sixth Circuit in *Bisig*. *See id.*

So too is this case distinct from the facts of *Hoskins*. In *Hoskins*, the plaintiff made an argument for the first time in its objections, but that argument was not "new" and did not run afoul of *Murr* because it was based on a rule that both parties and the magistrate judge had already discussed at length. *Hoskins*, 2026 WL 660582, at *10. In contrast, Defendant raises an issue in its objection that is based on entirely new information that the parties did not have an opportunity to discuss, and which Defendant failed to timely bring to the Court's attention.

Nor do the circumstances of this case fall within the narrow window of "compelling reasons," *Murr*, 200 F. 3d at 902 n.1, that might justify the information's prior non-disclosure. Defendant could have disclosed the information related to Plaintiff's settlement response before Magistrate Judge Lindsay issued his Recommendation. *See* [R. 6, p. 8]. That Defendant chose not to disclose the information until after Judge Lindsay's ruling demonstrates an intent to "set its case in motion before the magistrate, wait and see which way the wind was blowing, and—having received an unfavorable recommendation—shift gears before the district judge." *See United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2001) (internal quotation marks omitted). Permitting a

litigant to use a magistrate judge as a "sounding-board for the sufficiency of evidence" runs contrary to the purpose of the Magistrate Judges Act. *Freeman v. Cnty. of Bexar*, 142 F.3d 848, 851–52 (5th Cir. 1998). The Magistrate Judges Act was not intended to "give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. Sec'y of Health and Human Servs.*, 863 F.2d 633, 638 (9th Cir. 1988). Because Defendant failed to fairly present the information about Plaintiff's settlement response to Judge Lindsay, the Court deems this argument forfeited.

**2. Regardless, Defendant's settlement-offer argument fails on the merits.**

Even considering Defendant's claims about Plaintiff's settlement response, the Court nonetheless agrees with Magistrate Judge Lindsay's analysis, findings, and conclusion on the amount in controversy issue. The Sixth Circuit has not spoken directly on how courts should weigh settlement offers when determining the amount in controversy, but other circuits consider a settlement offer as "relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. PetSmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Most district courts within the Sixth Circuit do the same, applying the rule that while a settlement demand may constitute "some evidence of the amount in controversy," it is not determinative. *E.g.*, *Reynolds v. Wal-Mart Stores East*, No. 5:17-497-DCR, 2018 WL 715379, at *2 (E.D. Ky. Feb. 5, 2018). A settlement demand alone "does not establish by a preponderance of the evidence that the amount in controversy exceeds $75,000." *May v. Wal-Mart Stores, Inc.*, 751 F. Supp. 2d 946, 949 (E.D. Ky. 2010). Instead, the circumstances surrounding the settlement offer inform how much weight courts give to the offer—specific evidence or allegations that corroborate the amount requested in the settlement offer make the settlement offer more likely to be a reasonable valuation of the plaintiff's claims. *See, e.g.*, *Whisman v. Perdue Farms, Inc.*, No. 5:07-

55-JMH, 2007 WL 1150287, at *1 (E.D. Ky. April 18, 2007) (holding that amount in controversy requirement had been established and relying in part on a pre-suit demand for $100,000 that included an allegation that plaintiff had incurred actual damages in the amount of $195,967.55).

Notably, Defendant does not cite any of these cases to support its proposition that its own settlement offer of $75,000 should be taken as proof that the amount in controversy exceeds the jurisdictional threshold. *See* [R. 11]. Indeed, Defendant cites no cases at all to support that proposition, likely because there is an important distinction between the bulk of the existing case law on using settlement letters to ascertain the amount in controversy and Defendant's claim: those cases deal with settlement offers from the *plaintiff.* Conversely, the settlement offer at issue in this case is Defendant's own self-serving offer to Plaintiff, made one day before Defendant's response to Plaintiff's Motion to Remand was due. *See* [R. 6, p. 8]. These circumstances do not indicate that Defendant's settlement offer is "a reasonable estimate," *Cohn*, 281 F.3d at 840, of Plaintiff's claim. Moreover, Defendants do not even allege that Plaintiff made any statement about her valuation of her case; that is, she did not respond to the settlement offer by saying that she valued her case at a greater amount. Indeed, according to Defendant, Plaintiff never accepted *or* rejected the offer. [R. 11, p. 4].

Additionally, Defendant provides this Court nothing but its own description of its settlement negotiations with Plaintiff. *See* [R. 11, pp. 4–5]. Defendant does not attach any affidavits or declarations from counsel on either side. *See id.* Defendant does not attach the offer itself. *See id.* Although Defendant is not required to submit proof of the settlement offer specifically, Defendant *is* required to submit evidence establishing the amount in controversy—because Plaintiff contested that amount, and this Court has questioned that amount. *See Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) ("Evidence establishing the

amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.").

As it stands, the settlement offer is the *only* additional evidence Defendant submits to establish the amount in controversy. However, the fact that there was a settlement offer for an amount supposedly exceeding $75,000 by the defendant, on the day before its response to the Motion to Remand was due, does little to convince the Court that $75,000 is a fair valuation of Plaintiff's claims—especially when the record is devoid of other evidence supporting that amount in controversy, as the magistrate judge already explained. More likely, the settlement offer demonstrates Defendant's attempts to lure Plaintiff into conceding the amount in controversy so that Defendant might prevail on the jurisdictional issues.

In sum, although Defendant repeatedly refers to the "severe" and "permanent" nature of the injuries claimed by Plaintiff and Plaintiff's stature in the legal community, there is no evidence of the magnitude or severity of Plaintiff's injuries, the nature and duration of her impairment, or the impact that Plaintiff's injuries and impairment will have on her practice or her earnings. *See* [R. 11, pp. 3–5]. This is the same defect that pervades the rest of Defendant's objection, which Magistrate Judge Lindsay has already thoroughly addressed. Defendant's unsupported settlement offer is not enough to rescue its objection from this defect.

## IV. CONCLUSION

For these reasons, the Court adopts the Magistrate Judge's Report and Recommendation and overrules Defendant's objection. Accordingly, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1. Magistrate Judge Lindsay's Report and Recommendation, [**R. 10**], is **ADOPTED** as the Opinion of the Court.

2. Defendant's Objections to Recommendation for Remand, [**R. 11**], to the Report and Recommendation are **OVERRULED**.

3. Plaintiff's Motion to Remand, [**R. 5**], is **GRANTED**.

4. This matter is **REMANDED** to Jefferson Circuit Court, Case No. 25-CI-10956.

This the 21st day of September, 2026.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY